13032

SIMPSON v. DOGGETT, *ET AL.*

(156 S. E., 771)

April, 1930.

Messrs. *Harvey W. Johnson* and *Joseph E. Hines,* for appellant,

*Messrs. Perrin & Tinsley,* for respondents,

November 19, 1930.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The appeal in this case is on the part of the plaintiff, by her guardian *ad litem,* from an order of his Honor, Special Judge Wilton H. Earle, presiding in the Court of Common Pleas for Spartanburg County, refusing to vacate a judgment rendered theretofore in favor of the plaintiff against the defendants.

The pertinent facts, apparently conceded by all the parties, are these: The plaintiff Gaynelle Simpson, a minor 19 years of age, in January, 1929, while walking along a highway in Spartanburg County, was struck by an automobile owned by the defendant W. F. Doggett, and operated at the time of the accident by the defendant James L. Doggett. Plaintiff immediately after the accident was carried by the driver of the car to the Spartanburg General Hospital, where she was confined some seventeen days, and later on, about March 5, 1929, she again entered the hospital for further treatment of her injuries, and was finally discharged on March 14th. The injuries received by the plaintiff were right serious, and, perhaps, she was permanently injured; she sustained the loss of six front teeth, her scalp was lacerated so much that eight stitches were required therein, and in all likelihood she suffered from concussion of the brain and a fractured skull.

The owner of the car that struck the plaintiff had his automobile insured in the American Mutual Liability In-

surance Company, and a representative of that company, upon notice of the accident, took up with the plaintiff and the owner of the car the matter of settlement for the damages received by the plaintiff in the accident. An agreement was reached whereby the hospital expenses, physicians' bills, and dental bills, amounting to $515, were to be paid by the insurance company. The costs of necessary legal expenses were also to be paid by that company, and full discharge was to be given the insurance company and the defendants from all claims growing out of the accident.

The mother of the plaintiff was dead, and for several years she had not lived with her father. At the suggestion of some one, in all likelihood the plaintiff and the agent of the insurance company, J. H. Lawter, the brother-in-law of the plaintiff, was requested, and consented, to act as plaintiff's guardian *ad litem* in such action as was necessary to carry out the agreement of settlement. The agent of the insurance company had the regular counsel of the company, Messrs. Perrin & Tinsley, to take the conceived legal steps so as to protect the rights of the company and the defendants. At the instance of Messrs. Perrin & Tinsley, J. D. Kerr, Esq., who was closely associated with the attorneys for the defendants, and had some connection in the practice of law with them, was secured to act as attorney for the plaintiff; Messrs. Perrin & Tinsley acting for the defendants and the insurance company. The usual summons and complaint were prepared by Mr. Kerr, the complaint alleging that the injuries to the plaintiff occurred as the result of the negligence and recklessness of the defendant, who was driving the car at the time of the accident. Service of the summons and complaint were accepted by Messrs. Perrin & Tinsley for the defendants.

On March 25, 1929, with consent of Mr. Kerr, as attorney for the plaintiff, on motion of Messrs. Perrin & Tinsley, as attorneys for the defendants, a consent verdict was taken in the Court of Common Pleas for Spartanburg Coun-

ty in favor of the plaintiff for $515, and judgment was accordingly entered on that verdict. On the very date the judgment was taken, the presiding Judge, Honorable M. M. Mann, also with the consent of the attorney for the plaintiff, made an order providing that the amount of the verdict was to be paid out by Mr. Kerr, as attorney for the plaintiff, to the dentist, physicians, nurse, and hospital authorities in settlement of their claims for treatment of the plaintiff.

Mr. Kerr collected from the insurance company the amount of the verdict and the costs of the suit and disbursed the funds coming into his hands strictly in accord with the order of the Court. The fees of Mr. Kerr and Messrs. Perrin & Tinsley, for their professional services, were paid by the insurance company.

The plaintiff did not receive, except in the indirect manner hereinbefore referred to, a single cent of money, although, as stated above, she had been badly injured, and if the defendants were liable at all, they were liable not only for the expenses necessary to restore the plaintiff as near as possible to her usual normal condition, but they were likewise liable to her for at least loss of time from her employment, for the suffering she had undergone, and for other damages she may have sustained.

Later on, and within one year from the entry of the judgment, the sister of the plaintiff, Edna Lawter, was appointed by the Clerk of Court for Spartanburg County as her guardian *ad litem* in this action, and soon thereafter proper suit to vacate the judgment before mentioned was brought.

The several exceptions of the appellant question the correctness of the order of the presiding Judge in refusing to vacate the judgment, but we do not deem it necessary to state these in detail.

The appellant's counsel, in a very proper manner, have given the Court to understand that they do not charge now, or at any time have attempted to charge in any way, either

Messrs. Perrin & Tinsley or Mr. Kerr with any fraudulent conduct. We think it was due perhaps to the fact that no fraud was established, or even alleged, on the part of these gentlemen, or either of them, that the learned presiding Judge fell into what we think was error when he refused to vacate, under the circumstances, the judgment in the case.

The plaintiff was a young woman of very limited training and experience, and it is evident that she did not fully understand and appreciate her rights. She was not given the independent advice to which one in her situation was entitled. The presiding Judge of the Court, at the time the judgment was entered, did not take any testimony as to the issues in the cause, and there was no showing before him as to the damages sustained by the plaintiff in the automobile accident. The distinguished Judge did what our Judges have so often done, and in most instances without question, left matters of this nature to the attorneys representing the parties.

We do not think the interests of the plaintiff were properly protected, as the guardian failed to represent her as he was bound to do. It was the duty of that guardian *ad litem* to have ascertained, which he could have done very easily, the injuries sustained by the plaintiff, and upon it being established that her injuries were occasioned by the negligence and recklessness of the defendants, to see that she was properly compensated therefor. There is nothing in the record going to show if the guardian *ad litem* did, or attempted to do, anything whatever to properly protect the interest of his ward. The proper principles declaring the duty of a guardian *ad litem* are well set forth in 31 Corpus Juris, 1141, as follows:

"The position of a guardian *ad litem* or next friend is one of trust and confidence toward the infant as well as the Court; hence, it is his duty fully to protect the infant's interests in all matters relating to the litigation, as the infant might act for himself if he were of capacity to do so.

His duty requires him to acquaint himself with all the rights of the infant in order to. protect them, and to submit to the Court for its consideration and decision every question involving the rights of the infant affected by the suit. He should be as careful not to do anything, or allow anything to be done, to the prejudice of his ward's interests, as the Court from which he receives his appointment. If in consequence of the culpable omission or neglect of the guardian *ad litem* the interests of the infant are sacrificed, the guardian may be punished for his neglect as well as made to respond to the infant for the damage sustained. The misconduct of a guardian *ad litem* or next friend in protecting the infant's interest does not affect the jurisdiction of the Court in rendering the judgment in the suit or action; the judgment is not rendered thereby void; it is merely a matter of error, for which a judgment may be set aside."

In our own case of *Cagle v. Schaefer*, 115 S. C., 35, 104 S. E., 321, 322, Mr. Justice Hydrick, approving the declarations we have taken from Corpus Juris, said this:

"In failing to perform their duty to defend the action in behalf of their wards, the guardian *ad litem* of the infant defendants and their testamentary trustee were both guilty of culpable negligence which would have subjected them to liability to their wards if any damage had resulted. A notion, which is entirely erroneous, seems to be prevalent that a guardian *ad litem* for infant defendants fully performs his duty when he files a formal answer, submitting their rights to the protection of the Court."

The doctrine announced in the *Cagle Case* was affirmed in *McIver v. Thompson*, 117 S. C., 175, 108 S. E., 411.

The respondents contend that the appellant is not in position to ask for any relief, since there was no tender on her part of the consideration paid her, represented by the judgment. The usual rule as to tender, laid down in the cases of *Levister v. Railroad*, 56 S. C., 508, 35 S. E., 207, and *Riggs v. Association*, 61 S. C., 455, 39 S.

The image shows a black rectangular bar.

E., 614, does not apply in this case, since the appellant is a minor. See *Worthy v. Jonesville Oil Mill,* 77 S. C., 69, 57 S. E., 634 [12 Ann. Cas., 688]. As a matter of fact, also, the appellant received nothing to tender back; no part of the money paid out by the insurance company on the judgment went to the appellant, it being paid to others altogether.

We cannot resist the conclusion that the judgment first rendered in the case was colorable; that the rights of the appellant, whatever they may have been, were not properly looked after by her guardian *ad litem,* an officer of the Court, as he was in duty bound to do; and that in the interest of equity and justice that judgment should be vacated. We adjudge accordingly, and the order appealed from is reversed.

MESSRS. JUSTICES STABLER and CARTER concur.

MR. JUSTICE COTHRAN did not participate.