17655

In re ESTATE of Garrie S. COGDELL, a person non compos mentis. Arthur COGDELL, Petitioner-Respondent, v. Garrie S. COGDELL, Appellant, and Clyde Cogdell, Respondent

(114 S. E. (2d) 562)

*Chester D. Ward, Jr., Esq.,* of Spartanburg, *for Respondent-Appellant,*

*Messrs. Matthew Poliakoff,* of Spartanburg, *for Arthur Cogdell, Petitioner-Respondent,* and *Edwin W. Johnson,* of Spartanburg, *by way of special appearance for Matthew Poliakoff,*

*Edward P. Perrin, Esq.,* of Spartanburg, *as Guardian ad Litem for Garrie S. Cogdell, Respondent-Appellant.*

May 10, 1960.

STUKES, Chief Justce.

This is an appeal from an order of the Court of Common Pleas affirming the refusal of the Probate Court of Spartanburg County to vacate its adjudication that appellant is *non compos mentis* and its appointment of one of his sons as Committee for him.

The petition of the son therefor was filed in the Court of Probate on Sept. 21, 1955, and appellant's wife made affidavit, quoting, "that she served the within petition and notice on (appellant) this the 21st day of Sept., 1955," and she made identical affidavit with respect to service upon the other son of appellant who was named as a respondent along with appellant. The "notice" referred to was attached to the petition and addressed to appellant by the Judge of Probate requiring him to apply for the appointment of a guardian *ad litem* within . . . . days after service, and upon failure application for such appointment would be made by petitioner. The accompanying summons required service of answer upon petitioner's attorneys within twenty days after service. (Appellant's wife afterward repudiated her affidavit of service and averred that she never served the petition, etc., upon appellant.) On the back of the printed form of petition there was an undated Rule to Show Cause, signed by the Probate Judge and directed to the respondents, requiring them to show cause at ten A. M. Sept. 22, 1955, why the relief should

not be granted. The proof of service makes no reference to it, nor is it referred to in the further proceedings.

The appellant's son who also was respondent in the proceeding filed verified answer dated Sept. 21, 1955, joined in the prayer of the petition and asked that guardian *ad litem* and general guardian be appointed for appellant. Appellant's wife signed an undated petition to the Probate Court for the appointment of a guardian *ad litem* for her husband, the appellant; the petition recited that appellant resided with petitioner. The Court on Sept. 22, 1955, appointed a respected member of the Spartanburg Bar as guardian *ad litem*. However, he never conferred with his ward and made no independent investigation of the facts, relying upon the medical certificate to which reference will be made and its patent insufficiency pointed out. As to the duties of a guardian *ad litem*, see *Simpson v. Doggett*, 159 S. C. 294, 156 S. E. 771.

Upon the day of the appointment of the guardian *ad litem* and on the very day after the purported service upon appellant, hearing was held by the Probate Court which was attended by appellant's wife and sons, one of the attorneys for the petitioner and by the guardian *ad litem*. Appellant's wife and one of his sons testified briefly to the conclusion that appellant's mental status was such that a Committee should be appointed to care for his financial affairs. Appellant was not present and afterward denied notice or knowledge of the hearing until subsequently told of it by one of his sons. The court signed order dated September 22, 1955, addressed to Dr. . . . . . . . . and Dr. . . . . . . . . . ., directing them to examine appellant forthwith as to his mental condition and report their findings under oath. On the same date two physicians signed and verified report on a printed form to the effect that they had examined the mental condition of appellant and found him mentally incompetent. The form was, "Have this day examined," etc. However, the words "this day" were stricken, from which the inference is that the physicians had not examined appellant on "this day". The

order and the certificate were both dated Sept. 22, 1955, so it is inescapable that the physicians had reference to some former examination, before the order was issued. They could not have examined appellant pursuant to, and after issuance of, the order unless the examination had been on "this day" because the order and the report of the physicians were dated on the same date—September 22, 1955.

The facts relating to the purported mental examination have been rather fully stated because we think they disclose a fatal defect in the proceeding, whereby the Probate Court should have vacated its judgment on appellant's motion, and the Court of Common Pleas erred in not reversing the refusal of the Probate Court to vacate its former judgment and proceeding. It was more than prejudicial error; it was the omission of a requisite to make the adjudication; without it, the purported adjudication was void.

At the time of the foregoing proceedings in the Probate Court appellant was not a patient or trainee in a mental health facility and no subsequent effort to so commit him appears in the record. (The Probate Court recites in one of its orders, made subsequent to the proceedings of Sept. 21-22, 1955, that appellant had at some unnamed prior time been committed to the State Hospital.)

The governing statutes are sections 32-990 and 32-990.2 of the Cumulative Supplement to the Code of 1952, which follow:

Section 32-990. "When any relative, friend or other interested person is desirous of having a committee appointed for any individual believed by him to be mentally ill or mentally deficient and incapable of caring for or managing his own estate, whether such person be a patient or trainee in a mental health facility or not, he shall file with the probate court of the county in which the individual resides or resided prior to his admission to a mental health facility, a written verified petition stating his reasons for desiring the

appointment of a committee. Copies of the petition together with copies of a summons and a notice to procure a guardian *ad litem* shall be served upon the person for whom a committee is sought, upon his legal guardian, if any, and his nearest known relative or friend, all of whom shall be designated in the papers as defendants. A copy of such papers shall be sent to the facility concerned for inclusion in its records. The court may, in its judgment, appoint a guardian *ad litem* for any such person if no appearance or answer be made by him or by anyone on his behalf within twenty days."

Sec. 32-990.2. "When the person is not a patient or a trainee in a mental health facility, the petition shall be filed with the court as above stated and copies of the summons, petition and notice served as above required. The court shall then take such proceedings for the appointment of two designated examiners to examine the person and report to the court their findings as to his mental condition and in particular his capacity to care for and manage his own affairs. And such examination will be conducted and examiners' report made and received and a hearing held in accordance with §§ 32-920 to 32-922. If the examiners fail to agree, the court shall terminate the proceedings and dismiss the petition."

It is noted that the provision in Sec. 32-990.2 for mental examination is prospective in nature and does not contemplate a certificate of the examiners based upon a former examination. (The order conformed but the examination and certificate did not.) The wisdom of that is manifest; it is within common knowledge that a person may be normal mentally at one time, and not at another. (It is the opinion of some experts that no one is perfectly normal mentally, that all are abnormal in more or less degree.)

Within the twenty days prescribed by Sec. 32-990 and by the summons, and upon learning, he avers for the first time of the adjudication on September 22nd, appellant re-

tained an attorney who prepared and served an answer for him in which he denied that he is *non compos mentis*. The Probate Court refused to allow interposition of the answer, principally upon the ground that the former adjudication was upon pleadings and proceedings regular upon their face and that appellant's sole remedy was by appeal. Thereupon appellant moved to vacate the former proceedings of the Probate Court, which motion was refused. Appeal was taken to the Court of Common Pleas which affirmed the Probate Court. Appeal to this court followed.

As indicated above, we think that the Probate Court erred in receiving and acting upon the certificate of the physicians who had not examined appellant as required by the statute. It follows that its orders thereupon should have been vacated on motion; and the Court of Common Pleas should, therefore, have sustained the appeal to it. "A statute requiring that * * * two doctors must * * * personally examine such person and certify their professional conclusions * * * is mandatory, and an order committing such person to an insane asylum is void for failure to comply with the requirement." 44 C. J. S., Insane Persons, § 67, p. 167. We think that under our statutes and on principle the rule is equally applicable to the appointment of a committee.

There is explanation in the record for the great haste in which the counsel and court proceeded. It appears that appellant had a workmen's compensation claim against his employer which the purported committee immediately proceeded to compromise, appellant contends for an inadequate amount. That, of course, is not an issue in this appeal.

Respondent refers to Sec. 32-921, Code Supp., whereunder it appears that the Probate Court may shorten the usual time (Sec. 32-990) for answer and hearing, but in view of the above conclusion we need not consider it. Incidentally, Sec. 32-922 provides in part as follows: "An opportunity to be represented by counsel shall be afforded to

every proposed patient and, if neither he nor others provide counsel, the court shall appoint counsel for him."

As a part of the record for appeal counsel submitted the entire Probate Court record, from which the facts above stated have been largely obtained.

The order of the Court of Common Pleas is reversed; and the orders of the Probate Court adjudging appellant *non compos mentis* and appointing a committee are also reversed.

Reversed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.