20981

David Vincent DUNCAN, II, Executor of the Estate of Eunice Andrea Baswell, Deceased, Respondent, v.

Group. I. Edna May Andrea ALEWINE, Helen Richardson Allgood, Connie Lee Andrea, Frederick Wilhelm Andrea, Jr., John Augustus Andrea, Edward E. (Jack) Baswell, Lilly Inez Lynn Brookshire, Nettie H. Richardson Duckworth, Mary Lenora Fowler Duncan, Mildred Louise Andrea Greer, Edith Marie Andrea Holtzclaw, Hester Richardson Knotts, Lois Martin, M. B. Richardson, Sarah Richardson, Annie Myrtle Andrea Roberts, Mary Louise Lynn Styles, Ruth Welborn, Clemson University and Winthrop College;

Group II. Edward Allgood, Mary Frances Andrea, Redmond Angelo Andrea, Rex Leopold Andrea, Jr., William Andrea, Mary Sue Lynn Anders, Mrs. Hugh Atkins, Mrs. Almeda Ballard, John Bas-Well, Annie Mae Fowler Bishop, Virgie Lee Lynn Bishop, Mrs. Vada Boggs, Varon Virginia Thompson Bagwell, J. M. Carpenter, Mrs. Lucile Clarke, Evelyn Marlene Fowler Coggins, Eva Elizabeth Fowler Crain, Marcille Francis Lynn Crain, Remo Emerson Cribb, Zane Andrea Cribb, Gloria Maxine Cusenze, Grace Evelyn Lynn Earle, Mrs. Carolyn Farmer, Priscilla Anne Lynn Feher, Holly Louise Fowler Fleming, Clifton Fowler, Franklin Augusta Fowler, James A. Fowler, Jerry Winston Fowler, Louise Franklin Fowler, Moses Henry Fowler, Thomas Ray Fowler, Vera Joanne Lynn Hand, Linda Ailene Fowler Henderson, Jeanette Ford Hood, Mrs. Earl Jacobs, Roma Willis Fowler Johnson, Velma Marion Lynn Jones, Mrs. Frederick Kloeckner, Mrs. Dick Laycock, Sybil Constance Lynn Lister, Colie Blease Lynn, Donald Edwin Lynn, Rudford Floyd Lynn, John Crawford Lynn, John Frederick Lynn, Marshall Dennis Lynn, Ralph Eugene Lynn, Roy William Lynn, Sloan Roe Lynn, Thomas Endell Lynn, William Gordon Lynn, William Rudolph Lynn, Betty Erlene Lynn Manly, Mrs. Elizabeth Mc-Gee, Marguerite Francis Andrea Moody, Mary Louise Andrea Panktratz, Lois Edna Lynn Parker, Mathias Richardson, Mrs. George Rogers, Edna Mae Fowler Sloan, Ida Mae Lynn Tapp, Billy Dean Thompson, John Henry Thompson, Webster Conner Thompson, Ethel Fowler Waters, Charles Wyatt, Captain Louis Andrea, Dorothea Andrea Lynn Young, Edna Alewine, David Vincent Duncan, II and Sarah Richardson as Trustee or potential Trustees of any trust or trusts as may be established by the Last Will and Testament of Eunice Andrea Baswell; Daniel L. Mc-Leod, Attorney General for the state of South Carolina; James Maximillian Andrea, Deceased, and children and heirs at law and/or distributees of James Maximillian Andrea, Deceased, and persons claiming any right, title, estate, interest in or lien upon the Estate of Eunice A. Baswell, described herein by virtue of being a relative or heir at law of the said James Maximillian Andrea, Effie Ruhama Richardson, Deceased, and children or heirs at law

and/or distributees of Effie Ruhama Richardson, Deceased, and all persons claiming any right, title, estate, interest in or lien upon the Estate of Eunice A. Baswell, described herein by virtue of being a relative or heir at law of the said Effie Ruhama Richardson, Thomas M. (T. M.) Baswell, Deceased and all persons claiming any right, title, estate, interest in or lien upon the estate of Eunice A. Baswell, described herein by virtue of being a relative or heir at law of the said Thomas (T. M.) Baswell; any known adults being a class designated as John Doe; and any unborn infants or persons under disability being a class designated as Richard Roe, or any other person or persons claiming any right, title, estate, interest in or lien upon the Estate of Eunice Andrea Baswell described herein, Defendants,

of whom, any unborn adults being as a class designated as John Doe and any unborn infants or persons under disability being as a class designated as Richard Roe are, Appellants.

(255 S. E. (2d) 841)

*Robert M. Ariail* of *Dillard & Mitchell,* Greenville, *for appellants.*

*Edward, Duggan & Reese,* Greer, *for respondent.*

*Russell W. Harter, Jr.,* Greenville, *for defendant Edward Baswell.*

*John W. Dejong,* Greenville, *for defendant John Baswell.*

*Asst. Atty. Gen. Edwin E. Evans,* Columbia, *for defendant McLeod.*

*William L. Watkins,* Anderson, *for defendant Clemson University.*

*Benjamin W. Anderson, II,* Clemson, *for defendants Clemson University, et al.*

June 7, 1979.

*Per Curiam:*

This action was brought by David Vincent Duncan, II, Executor of the Estate of Eunice Andrea Baswell, for the purpose of asking the court to construe three provisions of her will. The individual defendants who conceivably may

take under the will, or in case of intestacy, are placed, for convenience, in two groups.

Group 1 includes those 18 persons who would inherit under the law of intestacy from (1) testatrix's mother, formerly a Richardson, (2) testatrix's father, an Andrea, and (3) testatrix's husband, whose name was Baswell.

Group II includes other kinsmen (about 70) who conceivably might participate in her estate. Clemson University and Winthrop College are also made parties-defendant because they are beneficiaries of bequests. The Attorney General, in his official capacity, is a party defendant, since a charitable trust may be involved. Robert M. Ariail is made a party as guardian *ad litem* for unknown heirs and unborn children.

Answers were filed by the following:
Edward E. "Jack" Baswell (of Group I),
John Baswell (of Group II),
Clemson University,
Winthrop College,
Attorney General McLeod, and
Guardian *ad Litem* Robert M. Ariail.

The remaining parties failed to answer and made no appearance.

The master, to whom the issues were referred, recommended and the judge sanctioned the approval of a settlement agreed to by the answering defendants. The guardian *ad litem* (who did not participate in the agreement) has appealed.

The testatrix was a resident of Greenville County, South Carolina, and owned property worth approximately $1 Million. In 1976, she went to North Carolina and procured a notary public to draw her will. In so doing, she saved a scrivener's attorney fee, but has caused pandemonium in the administration of the estate. Nine attorneys are now involved, representing the various claimants. She died in 1977;

her husband, Mr. Baswell, died in 1965. Her father, Mr. Andrea, referred to in the will quoted hereinafter, died in 1923; and her mother, who was a Richardson before she married Mr. Andrea, died in 1905. The testatrix left no children, no brothers, and no sisters.

The three provisions of the will in contest are as follows:

"(L) I direct that two Scholarships of $1,000.00 each be given out of my estate to each of the following colleges:

1. Winthrop College
2. Clemson College

. . . . .

(P) . . .

. . . . .

E. The Sandy Flat farm shall be developed into a restricted upper level housing development of above average homes, or for a high type manufacturing company location, or for the location of a top ranking school to better the community. This I desire to be done by the Executor and Executrixs (*sic*) of my Will at a time and for the purpose most suitable for the benefit of the community.

. . . . .

(R) The remainder of my property, both real and personal, I give and bequeath to the RICHARDSON [mother of testatrix], ANDREA [father of testatrix] and BASWELL [husband of testatrix]. FAMILY connections, as the Executor and Executrixs (*sic*) of my Will can determine from their memory of which items of real and personal properties were inherited, and this shall be the basis of the distribution, and is to only include the original family group of both, my deceased husband, my Father and my Mother."

When the matter was called for trial before the master, counsel entered into extensive negotiations and eventually agreed upon a settlement, which was paraded before the

master. He issued his report, approving the proposed settlement.

The settlement agreement was effectively a rewriting of these items of the will. If such is justified, it is on the ground that they needed rewriting.

The guardian *ad litem,* not having participated in the agreement, filed exceptions which came to be heard before the circuit judge, who approved the master's report.

We summarize the settlement which was approved. It was agreed that Winthrop College and Clemson University receive an outright grant of $10,000 each, in lieu of the scholarships provided in Item (L), quoted above.

It was agreed that the Greenville County School District receive approximately 30 acres of the more than 100 acres composing the Sandy Flat farm, referred to in Item (P) —E, quoted above.

It was agreed that the rest and residue of the property, referred to in Item (R) above, be distributed to those who would take by descent and distribution under the statute from the testatrix's mother and father and husband if they had died intestate. These are named in Group I.

All other kinsmen named as defendants (in Group II) received nothing.

Our discussion of the three items is made more easy by first treating the rest and residue provision, Item (R). This item determines the disposition of properties valued at approximately $900,000.00.

An important portion of the Master's report, as approved by the circuit judge, is to be found in ¶¶ XV and XVI, which read as follows:

## "XV

I find that the beneficiaries who will take under this residuary paragraph [Item R] are determined by Statute of Descent and Distribution of South Carolina as applied to the mother (Effie Richardson Andrea), father (James M. Andrea) and husband (Thomas M. Baswell) of Eunice Andrea Baswell, as of the date of the death of Eunice Andrea Baswell. Such is a proper, factual and legal construction of the phrase 'family connections' taken from the over view of the four corners of said Will.

## "XVI

I find that the individuals named in Group I of the Petition are the beneficiaries as determined by the method set forth above in paragraph XV and that those individuals named in Group I of the Petition are the sole beneficiaries entitled to take under the residuary clause."

The guardian *ad litem* has appealed, setting forth to this court basically the same exceptions which were submitted to the circuit judge. In sum, his exceptions contend that all rulings of the master and the circuit judge were improper. No exception suggests what the lower court should have done which would be beneficial to those persons whom he represented as guardian *ad litem*.

The guardian *ad litem's* chore in this case is a difficult one. He apparently was not made a party to the original complaint, and no reference to him or to those he represents is made in the body of the complaint. In the caption of the case, among the defendants appears the following:

"any unknown adults being a class designated as John Doe; and any unborn infants or persons under disability being a class designated as Richard Roe, or any other person or persons claiming any right, title, estate, interest in or lien upon the Estate of Eunice Andrea Baswell described herein." As appellants, those the guardian *ad litem* represents are referred to as:

"of whom, any unborn adults being as a class designated as John Doe and any unborn infants or persons under disability being as a class designated as Richard Roe are Appellants."

In his answer the guardian *ad litem* said:
"That he lacks sufficient information, knowledge and belief from which to form a conclusion as to the allegations in the Petition and, therefore, must deny each allegation and demands strict proof thereof."

His prayer for relief asks the court to explore the allegations and grant such relief as to the court may appear just and proper for the protection of those he represents.

When the proposed settlement was paraded before the master in equity, and apparently throughout the negotiations, the guardian *ad litem* did not affirmatively take any position, but in a negative sort of way said: "I can't agree to anything." In an effort to assure the protection of his wards (whomever they be—if they be), he appealed first to the circuit court and now to this court. The duties of a guardian *ad litem* are discussed in *Simpson v. Doggett,* 159 S. C. 294, 156 S. E. 771 (1930).

The law looks with favor upon an agreement among members of a family and others which avoid a will contest or promotes the settlement and distribution of an estate. Such agreements are not against public policy. They are contractual in nature. Only those parties participating in the agreement are bound thereby. The rights of any person having a good-faith claim may be compromised for a consideration.

If a settlement affects the rights of minors and unborn and unknown heirs or beneficiaries under the will, the appointment of a guardian *ad litem* is proper. Upon a review of any proposed settlement, the court should find that it is to the best interest of the minors and unborn and unknown beneficiaries before approval. Such

finding would not be necessary if instead it be found that the minors and/or beneficiaries represented by the guardian *ad litem* in fact had no valid claim to assert.

We do not intimate that the guardian *ad litem* has not performed his duty. Nor, for that matter, that a guardian *ad litem*, a John Doe and/or Richard Roe proceeding was necessary at all. We do say that once John Doe and Richard Roe were made parties, the matter should have been explored by the court and a determination made that John Doe and Richard Roe were entitled to property rights or that they were not so entitled. These two fictitious parties were brought into the action and then ignored by the compromising attorneys, the master and the judge.

Independent of the John Doe/Richard Roe issue, it became the duty of the lower court to determine the proper parties and their interests. In other words, it was not appropriate to consider a compromise settlement without first having determined those parties entitled to compromise. The interests of the nonanswering defendants should have been explored. By defaulting, those defendants have, in effect, consented to have the court make a judicial interpretation of the will. This does not mean that they have consented to a negotiated contractual settlement entered into by the answering defendants. Certainly, no relief could be granted detrimental to defaulting defendants unless they were put on notice by the complaint and unless the relief granted was within the contemplation of the prayer for relief.

Counsel, in open court, asserts that this case would have already been ended except for the position now taken by the guardian *ad litem* in this appeal. The implication is that all of the defendants are bound by the settlement. In limiting our ruling to the appeal of the guardian *ad litem,* we have assumed, without deciding, that this is true.

Normally, a guardian *ad litem* should not consent that his wards receive nothing. Such a holding would usually be for the court. At the same time, a guardian *ad litem* may agree to a settlement, but it must be fair and is always subject to approval by the court. Such approval should not be granted until the court ascertains the interest of each of the parties, and decides what relationship each of the good-faith claimants bears to the testatrix and what each might take under a construction of the will most favorable to them. The court must first determine the status of the wards of the guardian *ad litem*. In effect, the court has held that they are entitled to nothing, without having explored the matter.

The guardian was obviously brought into the case mostly, if not entirely, because of the rest and residue provision in Item (R). The parties to gain or lose by an interpretation of the Clemson and Winthrop bequest, Item (L), and the Sandy Flat farm, Item (P)—E, cannot be determined until the rest and residue item is properly interpreted and until the rights of the wards of the guardian *ad litem* are determined. We therefore think it inappropriate to approve the settlement agreement and the order of the lower court.

It was stipulated before the master and approved by the circuit judge as follows:

"I find and recognize that the parties to the stipulations reserve their rights to pursue, present and argue on the merits of the stipulated issues should this matter be modified by appeal or in the event the Supreme Court of South Carolina does not confirm or approve the stipulations and settlement among the parties as recognized and declared herein."

For the reasons set forth hereinabove, the agreed settlement is not approved, and the case is remanded to the lower court for further proceedings.

Remanded.