HILL, J.:
*790 **140 In this estate controversy, we must decide whether some of the beneficiaries (the Probate Code defines them as "successors") under a Will can agree to settle an action they brought to contest the Will and the accompanying Estate plan without the consent of all the beneficiaries. We hold that, under the unique circumstances of this case, they can because the settlement neither binds the non-settling beneficiaries nor changes the Will or the Estate plan.
In 2000, the legendary singer and entertainer James Brown executed a Will that devised his personal property and household effects to his six children and poured over the remainder of his estate to a charitable and educational Trust. Brown died in 2006. His Estate has been ensnared in relentless litigation ever since. See, e.g., Wilson v. Dallas , 403 S.C. 411, 416, 743 S.E.2d 746, 749 (2013). Several of his children and grandchildren-whom we shall refer to as "Respondents"-contested the 2000 Will and Trust, seeking to set them aside on the grounds that he lacked testamentary capacity and had been unduly influenced.
In 2015, the Estate and the Trust, acting through the Personal Representative, the Trustee, and the Limited Special Administrator and Trustee (the Fiduciaries),[1] reached a settlement of the will contest with Respondents, wherein each Respondent agreed to dismiss their will contest claims in exchange for payment of $37,500.00. Respondents would retain other rights, including (as to the Respondent children) the devise of personal property under the Will. The Fiduciaries presented the settlements to the circuit court seeking confirmation of their authority to enter them on behalf of the Estate and Trust, a procedure contemplated by § 62-3-105 of the South Carolina Code (Supp. 2018). Two of Brown's children-Terry Brown, who never contested the Will and Trust, and Daryl Brown-opposed the settlements and their confirmation. After a hearing, the circuit court entered an order confirming the Fiduciaries' authority to enter into the settlements.
**141 The circuit court further ruled Respondent children had probable cause to contest the Will and the Trust, and the settlement was just and reasonable.
Terry Brown (Appellant) now appeals, claiming the Fiduciaries lacked authority to enter the settlements because his consent was required by §§ 62-3-912, 62-3-1101, and 62-3-1102 of the South Carolina Code (Supp. 2018). He further contends the circuit court erred in finding probable cause and in finding the settlements just and reasonable.
I.
According to Appellant, under South Carolina law there are only two ways to settle a will contest: by entering into a private family settlement agreement as provided by § 62-3-912, or presenting the settlement to the court for approval as provided by §§ 62-3-1101 and 1102. Because he contends both ways require the consent of all successors, Appellant claims the settlements here are invalid because he did not agree to them.
The issues Appellant raises require interpretation of several sections of the Probate Code, which are questions of law that we review de novo. Univ. of S. Cal. v. Moran , 365 S.C. 270, 274-75, 617 S.E.2d 135, 137 (Ct. App. 2005) ; see also Barton v. S.C. Dep't of Prob. Parole & Pardon Servs. , 404 S.C. 395, 414, 745 S.E.2d 110, 120 (2013).
II.
A. Section 62-3-912
Appellant first argues the settlements must conform to § 62-3-912 and, consequently, require his consent to be valid. Section 62-3-912 provides in pertinent part that "successors may agree among themselves to alter the interests, shares, or amounts to which they are entitled under the will ... in any way that they provide in a written contract executed by all who are affected by its provisions." As the reporter's comment explains, " Section 62-3-912 sanctions settlement agreements among successors allowing them to *791 vary the distributions of an estate ... without the necessity of seeking court approval." Appellant and Respondent children are "successors" as they **142 are "persons, other than creditors, who are entitled to property of a decedent under his will." S.C. Code Ann. § 62-1-201(47) (Supp. 2018).
We hold the settlements here are not governed by § 62-3-912 because they do not alter the interests, shares or amounts to which the successors are entitled under Brown's Will. The settlements do not disturb Brown's Will or Estate plan; they preserve it.
Appellant maintains the settlements do alter Respondent children's interests because Respondent children would otherwise be disinherited by the no contest clauses of the Will and the Trust. We find this logic presupposes the no contest clause would be found effective to disinherit Respondent children. No such finding has been made. And nothing in § 62-3-912 requires a settlement of a will contest to be executed by all successors who stand to have their share, interest, or amount under the will increased by enforcement of a no contest clause. More fundamentally, the plain language of § 62-3-912 demonstrates it applies only to agreements by successors who have agreed "among themselves" to alter their take under a will. The statute makes no mention of agreements between successors and third parties, including the estate and its fiduciaries. We therefore hold § 62-3-912 does not apply to these settlements.
B. Sections 62-3-1101 and 1102
Appellant next asserts the circuit court was required to approve the settlements pursuant to §§ 62-3-1101 and 1102. Because he did not sign the settlements, Appellant insists they could not be approved as they were not "executed by all competent persons ... having beneficial interests or having claims which will or may be affected by the compromise." § 62-3-1102.
We find Appellant's premise faulty. Sections 62-3-1101 and 1102 apply only in the event a party seeks to make the settlement of an estate controversy "binding on all the parties." See also § 62-3-1101 Reporter's Cmt. (" Section 62-3-1101 provides that compromises of controversies regarding estates can be made binding on interested parties by court confirmation."). As the circuit court noted, the settlements did not bind **143 Appellant, a non-party to them, or any other non-party. The Fiduciaries and Respondents did not seek court approval or confirmation based on §§ 62-3-1101 and 1102.
Section 62-3-1102 is designed to require court approval of the settlement of estate controversies when the settlement (1) will impact persons holding beneficial interests in the estate and (2) is sought to be binding on non-parties. See § 62-3-1101 ; § 62-3-1102. The Probate Code does not tell us what a "beneficial interest" is. See Wilson , 403 S.C. at 428 n.10, 743 S.E.2d at 755 n.10 ("What constitutes a 'beneficial interest in an estate' is not specifically defined in the Probate Code. ... The Probate Code does define a 'beneficiary' ... but only as it relates to trusts."). Nevertheless, we find that, as a successor, Appellant has a beneficial interest in the Estate. More, though, is required to trigger § 62-3-1102 : Appellant's beneficial interest must also be "affected by the compromise." § 62-3-1102. The Reporter's Comment illustrates: "The agreement must be signed by all persons having a beneficial interest in or claim against the estate, whose interest or claim is affected by the agreement ." (emphasis added). The compromise here does not affect Appellant's beneficial interest: he will receive precisely the same thing under the Will and Trust that he would have received had Respondents never challenged the Estate plan. This is not a situation, for example, where there is evidence estate funds used to pay the settlement reduced Appellant's inheritance. It is true application of the no contest clause would increase Appellant's beneficial interest. But § 62-3-1102 by its terms only applies to impacts the settlement has on beneficial interests in the Estate, not the impact Appellant speculates successful enforcement of the no contest clause would have. Section 62-3-1102 therefore looks to the effect the settlement has on beneficial interests, not the effect the underlying litigation might have had (or future litigation may have) upon them.
*792 The proper and intended scope of § 62-3-1102 is revealed by the effect of approval of a settlement under it: once approved, "all further disposition of the estate is in accordance with the terms of the agreement." Id . This language tells us the mission of the statutory scheme: to allow parties to alter the distribution of an estate in a manner that (1) binds the parties, successors, interested parties, and the fiduciaries (this is why **144 § 62-3-1102(3) provides the court can order the fiduciaries to execute these agreements), and (2) binds others, including "unborn or unascertained persons and [ ] persons who could not be located." § 62-3-1101 Reporter's Cmt. Section 62-3-1102 is based on the Uniform Probate Code § 3-1102, which was designed to bind fiduciaries and remove their ability to veto a settlement that may affect a successor's beneficial interest. Unif. Probate Code § 3-1102 cmt. (Unif. Law Comm'n 2010) ("The thrust of the procedure is to put the authority for initiating settlement proposals with the persons who have beneficial interests in the estate, and to prevent executors and testamentary trustees from vetoing any such proposal. The only reason for approving a scheme of devolution which differs from that framed by the testator or the statutes governing intestacy is to prevent dissipation of the estate in wasteful litigation. Because executors and trustees may have an interest in fees and commissions which they might earn through efforts to carry out testator's intention, the judgment of the court is substituted for that of such fiduciaries in appropriate cases.").
Appellant is asking us to amend § 62-3-1102 to allow a non-settling successor to veto the settlement of an estate controversy even where the settlement does not affect his beneficial interest and does not bind him. This of course we cannot do, and Appellant's position would allow a holdout successor to force the Fiduciaries to engage in the very thing § 62-3-1102 is intended to avoid: dissipating the Estate in wasteful litigation. See Nelson v. Ozmint , 390 S.C. 432, 436, 702 S.E.2d 369, 371 (2010) ("[A]ll rules of statutory construction are subservient to the one that the legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in light of the intended purpose of the statute.").
Appellant argues upholding the settlement here would ignore the requirements of § 62-3-1102, and also the holding of Wilson v. Dallas . See Wilson , 403 S.C. at 426, 743 S.E.2d at 754 ("A compromise agreement is void unless executed in compliance with the governing statute." (quoting In re Estate of Riley , 228 Ariz. 382, 266 P.3d 1078, 1080 (Ariz. Ct. App. 2011) )). But in Wilson , the proponents of the proposed settlement expressly sought to make the settlement binding on **145 others by obtaining court approval under § 62-3-1102. See id. at 420, 743 S.E.2d at 751. Here, the Fiduciaries did the opposite: they made clear they were not proceeding under § 62-3-1102 but were instead invoking § 62-3-105 and asking the court to confirm they had the authority to reach a settlement with some (but not all) of the successors so as to end Respondents' claims against the Estate without altering the Estate plan.
We note the above quote from Wilson (which in turn quoted the Arizona court of appeals decision) was made in the context of discussing whether the settlement was eligible for court approval because it had not been executed by the then fiduciaries. Id . at 426-27, 743 S.E.2d at 754-55. The supreme court held it was, given § 62-3-1102 enables the trial court to order the fiduciaries to sign the settlement. Id . at 429, 743 S.E.2d at 756. We note further that the Arizona supreme court has now vacated the court of appeals decision in In re Riley and held the failure to comply with Arizona Revised Statutes Annotated § 14-3951 (which mirrors our § 62-3-1102 ) does not render a settlement void for all purposes. In re Estate of Riley , 231 Ariz. 330, 295 P.3d 428, 431-432 (Ariz. 2013) (en banc) ("The failure to secure the signatures of all beneficiaries did not, however, make the agreement void for all purposes, as the court of appeals concluded. Rather, the failure to comply with § 14-3952 simply means that the probate court's approval was not effective to make the agreement binding on all beneficiaries." (internal citation omitted)).
A close reading of Appellant's brief shows his main contention is the Fiduciaries shirked *793 their duties by agreeing to the settlement and not enforcing the no contest clause against Respondents. Appellant may be able to pursue this theory elsewhere; whether the Fiduciaries had a duty to litigate the will contest to conclusion (a battle Appellant acknowledged had already cost many millions and the circuit court found would cause "significant financial detriment to the beneficiaries" of the Trust) is not before us. Because the settlements here did not bind Appellant, it would appear they do not prevent him from seeking the very remedies he argues the settlements deprived him: enforcing the no contest clause against Respondents and pursuing a breach of fiduciary duty claim. We express no opinion whatsoever on these potential **146 claims, including whether they would have merit or even a good faith basis, or whether they may be foreclosed by legal, equitable, procedural, or other grounds.
C. The Fiduciaries' Authority to Enter into the Settlements
Appellant has not appealed the circuit court's finding that the Fiduciaries were authorized and empowered by § 62-3-105, other provisions of the Probate Code, their appointment orders, and the Will and the Trust to enter the settlements. These findings are therefore now the law of the case. See Atl. Coast Builders & Contractors, LLC v. Lewis , 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) ("[A]n unappealed ruling, right or wrong, is the law of the case.").
Although the Fiduciaries were authorized to enter the settlement agreements, and despite our conclusion that §§ 62-3-912 and 1102 do not apply to or prohibit these settlements, a threshold question remains: identifying what allows a will contest to be settled without the consent of all beneficiaries of the will.
To answer this question, we consider this is a formal probate proceeding. S.C. Code. Ann. § 62-1-304 (Supp. 2018). No specific provision of the Probate Code categorically prohibits the settlement of will contests or conditions their settlement upon the consent of all successors. Where the Probate Code is silent, our common law can speak. S.C. Code Ann. § 62-1-103 (Supp. 2018) ("Unless displaced by the particular provisions of this Code, the principles of law and equity supplement its provisions."). South Carolina endorsed the settlement of will contests well before enactment of the Probate Code, noting such settlements bind only the settling parties. Duncan v. Alewine , 273 S.C. 275, 282, 255 S.E.2d 841, 845 (1979) ("The law looks with favor upon an agreement among members of a family and others which avoids a will contest or promotes the settlement and distribution of an estate. Such agreements are not against public policy. They are contractual in nature. Only those parties participating in the agreement are bound thereby."). The Fiduciaries' use of the guidance mechanism provided by § 62-3-105-which allows **147 interested persons to petition the court for orders in formal proceedings-was prudent.
In a formal probate proceeding, both the South Carolina Rules of Probate Court Procedure and the South Carolina Rules of Civil Procedure govern. § 62-1-304 ; see In re Estate of Weeks , 329 S.C. 251, 258, 495 S.E.2d 454, 458 (Ct. App. 1997) (noting rules of Probate Court "address only a limited number of issues"). The Rules of Probate Court Procedure make for quick reading as there are only five of them, none of which touch settlement procedure. Settlements such as the ones here are therefore guided by Rule 43(k), SCRCP, which the skilled circuit judge properly relied upon.
In light of our holding that the settlement is valid, we need not address Appellant's claims that the trial court erred in finding the settlement just and reasonable and probable cause supported Respondents' will contest, as those findings are not relevant to the issues on appeal. See Futch v. McAllister Towing of Georgetown, Inc. , 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an "appellate court need not address remaining issues when disposition of prior issue is dispositive" (internal citation omitted)); see also In re Estate of Riley , 295 P.3d at 431 (noting nothing in probate code requires the use of Arizona's analogue to § 62-3-1102 to compromise disputes, citing several examples of controversies that can be validly settled without court approval).
*794 We therefore affirm the ruling of the circuit court that the settlements are valid.
AFFIRMED.[2]
THOMAS and MCDONALD, JJ., concur.

We are aware the Estate, the Trust, and the Fiduciaries are also Respondents to this appeal, but we will call the Personal Representative, Trustee, Special Administrator, and Limited Special Administrator "Fiduciaries" in this opinion for ease of reference.

We decide this case without oral argument pursuant to Rule 215, SCACR.